A

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
## CRIMINAL DIVISION - FELONY BRANCH

THE DISTRICT OF COLUMBIA
CRIMINAL DIVISION
2012 NOV -2 P 4: 03
FILED

| | |
|---|---|
| UNITED STATES OF AMERICA | : Case No. 2011CF2020216 |
| v. | : Magistrate Judge Kimberley S. Knowles |
| ANTHONY GRANT | : Associate Judge Jennifer Anderson |
| | : Felony Status Conference: November 9, 2011 |

### PROPOSED FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER OF DETENTION PENDING TRIAL

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully proposes the attached Findings of Fact, Conclusions of Law and Order of Detention Pending Trial in the above-captioned case.

Respectfully submitted,

RONALD C. MACHEN JR.
UNITED STATES ATTORNEY

_____
ROBERT C. LITTLE
ASSISTANT UNITED STATES ATTORNEY

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of this filing has been served by mail upon counsel for the Defendant, Kevin Irving, Esquire, 419 7th Street, N.W., Suite 405, Washington, D.C. 20004, this 2nd day of November 2011.

_____
ROBERT C. LITTLE

ASSISTANT UNITED STATES ATTORNEY

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA

### CRIMINAL DIVISION - FELONY BRANCH

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : Case No. 2011CF2020216 |
| v. | : Magistrate Judge Kimberley S. Knowles |
| **ANTHONY GRANT** | : Associate Judge Jennifer Anderson |
| | : Felony Status Conference: November 9, 2011 |

### FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER OF DETENTION PENDING TRIAL

This matter came before the Court on October 21, 2011, upon the motion of the United States to hold Defendant Anthony Grant (hereinafter, "Defendant") without bond pending his trial within one hundred days pursuant to 23 D.C. Code § 1322(b)(1)(A). Having considered the factors enumerated in 23 D.C. Code § 1322(e), the Government's proffer of the Defendant's prior record and indicia of risk of dangerousness, the report and recommendation of the Pretrial Services Agency, the testimony of Officer Kelly Baker and the arguments of counsel for the Defendant and Government, in accordance with 23 D.C. Code § 1322(g)(1), the Court makes the following findings of fact and conclusions of law:

1. There is probable cause to believe that the Defendant committed the offense for which he is before the Court, that is, Unlawful Possession of a Firearm (or "Felon in Possession"), as defined in D.C. Code §22-4503 (2001 ed.), which is a dangerous crime. The evidence presented at the detention hearing on October 19, 2011, around 1:00 a.m., Metropolitan

Police officers were traveling northbound in the 2900 block of Georgia Avenue, NW., when they observed a blue Chevy Trailblazer SUV traveling northbound in the same block. The vehicle was stopped in the 600 block of Harvard Street, N.W. The defendant exited the vehicle and while walkeding to the rear of the vehicle, the officer observed a large bugle in the defendant jacket directly in front of his stomach. Officer Grant asked the defendant if he could pat him down, and the defendant replied he did not want to be patted down. When the officer explained that the pat-down was for the officer's safety and he wanted to make sure the bulge in the defendant's jacket was not a weapon. The defendant gave consent to a pat-down. As the officer began to conduct the pat-down the defendant turned to his left and broke into an unprovoked flight westbound in the 600 block of Harvard Street, N.W. on foot. The officer saw the defendant hand under his jacket as he ran holding on to an object. The officer gave a command for the defendant to stop and he ignored it. The defendant turned northbound into the east alley of the 2900 block of Georgia Avenue, N.W. The officer continue pursuit and then observed the defendant turn westbound in the alley onto the 600 block of Hobart Place, N.W. At this point the officer observed the defendant run into the middle of the road in the block and turn towards Officer Sullivan. As the defendant turned towards Officer Sullivan he dropped his jacket and threw a gray object towards Officer Sullivan. The officer immediately recognized the object as a gray semi-automatic firearm as the object passed within 2 feet of Officer Sullivan in the air. The officer then heard the distinct sound of a metal object hitting and skidding across the asphalt. The defendant tripped over his feet and fell onto the road. Officer Sullivan was within 10 feet of the defendant during the pursuit and was able to see the defendant during the entirety of the pursuit. The defendant was detained while Officer Baker arrived on scene and immediately

canvassed underneath the vehicle where the firearm was thrown and located. The officers recovered a Hi Point .380 semi-auto handgun with seven rounds of ammunition in the magazine and one round in the chamber. The defendant had a prior felony conviction.

2. In determining whether there are conditions of release that will reasonably assure the appearance of the person as require or the safety of any other person or the community, the Court has considered the following factors:

a. The nature and circumstances of the offense charged

b. The weight of the evidence against the Defendant. Here, there is overwhelming evidence that the defendant committed the offense of Unlawful Possession of a Firearm.

c. The Defendant's criminal history. In the District of Columbia, the defendant's prior conviction include: Attempted Possession With Intent To Distribute a Control substance Cocaine (2005), Attempted Carry Pistol Without License Home/Business (2005), Unlawful Possession Of A Firearm (2005), Unlawful Possession Ammunition (2005), OWI (1st) Op with Impaired (2004), Attempt Distribution Cocaine (2002), UCSA Possession Cocaine (2001), Attempt Crime (2001), and Attempt Carrying A Weapon Without License - Misdemeanor (2001). Defendant also have a pending cases; Assault On A Police Officer – Dangerous Weapon (2011), Threats To Do Bodily Harm – Misdemeanor (2011), Possession With Intent to Distributed A Controlled Substance – Heroin (2011), Possession With Intent To Distributed A Controlled Substance – Cocaine (2011), and Possession Drug Paraphernalia With Intent To Use (2011).

d. The nature and seriousness of the danger to any person or the community that would be posed by the person's release. This nature of the instant offense, combined with the

defendant's criminal history, and the fact that he was already on probation for two different firearms offenses, suggest that the Defendant would pose a significant danger to the community if released from custody. The defendant did not present sufficient evidence or argument to rebut the presumption of dangerousness.

**WHEREFORE**, having considered the provisions of 23 D.C. Code § 1322, and the factors set forth in 23 D.C. Code § 1322(e), this Court finds, by clear and convincing evidence, that there is no condition or combination of conditions, as set forth in 23 D.C. Code §1321(c), that will reasonably assure the safety of any other person or the community.

Accordingly, it is this _____ day of October 2011.

**ORDERED**, that the Defendant be held without bond for a period not to exceed one hundred calendar days from October 19, 2011, the trial or other final disposition of this matter;

**AND FURTHER ORDERED** that the Defendant be committed to the custody of the Attorney General of the United States for confinement in a facility separate, to the extent practicable, from persons awaiting or serving sentences or being held pending appeal; that the Defendant be afforded a reasonable opportunity for private consultation with counsel; and that, on order of a judicial officer or request of an attorney for the government, the Defendant be delivered to the United States Marshal or other appropriate person for appearance in a court proceeding.

_____      _____
DATE                        MAGISTRATE JUDGE KIMBERLEY S. KNOWLES
                            SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

cc:     United State Attorney's Office/General Crimes Section

        Kevin Irving, Esquire
        419 7th Street, N.W.
        Suite 405
        Washington, D.C. 20004