UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL NO. 25-CR-303-RBW |
| ANTHONY GRANT, | |
| Defendant. | |

### GOVERNMENT'S MOTION TO QUASH SUBPOENA

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves this Court for an Order quashing the subpoena *duces tecum* issued by Defendant to the Custodian of Records for the Metropolitan Police Department ("MPD") on November 6, 2025 (the "Motion"). As grounds for this Motion, the United States[1] relies on the following points and authorities:

### I.   FACTUAL BACKGROUND

On August 8, 2025, at approximately 3:05 a.m., members of various federal agencies (including but not limited to the United States Park Police and the Bureau of Alcohol, Tobacco, Firearms, and Explosives) were patrolling the area of Georgia Avenue NW, Washington, D.C., to enforce local narcotics laws. Specifically, law enforcement knew of this area as an open-air drug market whereby numerous individuals were selling and using illegal narcotics.

During the patrol, law enforcement stopped a grey Nissan Altima because: (i) the vehicle's license plate was unreadable; and (ii) the operator failed to use a turn signal as required. When the officers approached the driver's side window of the car, they observed Defendant in the driver's seat, and no other occupants. They also observed an odor of burnt marijuana emanating from both

---

[1]   The United States submits this Motion as an Interested Party only as it pertains to the subpoena at issue.

the interior of the vehicle and from Defendant's person. Law enforcement ultimately searched the Nissan, which led to the recovery of a loaded Smith & Wesson pistol and suspected crack cocaine from the trunk. Defendant's person was also searched, which led to the recovery of, among other things, more suspected crack cocaine. Defendant, who was a convicted felon at the time of the offense, was then arrested.

On September 26, 2025, the United States filed a three-count indictment against Defendant for the aforementioned conduct. *See* (ECF No. 20). The indictment alleges violations of: (i) Title 18, United States Code, Section 922(g)(1) (Unlawful Possession of a Firearm by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year); (ii) Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(iii) (Unlawful Possession with Intent to Distribute 28 Grams or More of Cocaine Base); and (iii) Title 18, United States Code, Section 924(c)(1)(A) (Using, Carrying, or Possessing a Firearm During and in Relation to a Crime of Violence or Drug Trafficking Crime). *Id*.

On November 6, 2025, Defendant, through his counsel, subpoenaed the MPD custodian of records for the following information: Any and all certified records documenting all arrests for drug possession and drug distribution between August 1, 2024, and August 31, 2025, from the following locations: 1) 2600 Block of Georgia Avenue NW, 2) 2600 Block of Sherman Avenue NW & 3) 2900 Block of Sherman Avenue NW. Please provide the PD-251 for each arrest identified responsive to this subpoena. *See* Exhibit 1.

## II.     LEGAL STANDARD

Federal Rule of Criminal Procedure ("FRCP") 17 governs the issuance of subpoenas in criminal cases. Under subsection (c), the court "may direct that books, papers, documents or objects designated in the subpoena be produced before the court at a time prior to the trial or prior

to the time when they are to be offered in evidence[.]" *United States v. Nixon*, 418 U.S. 683, 698 (1974) (quoting Fed. R. Crim. P. 17(c)).

Notably, however, subpoena deuces tecum are "not intended to provide a means of discovery for criminal cases." *Id.* at 698–99 (1974) (citing *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951)); *see also United States v. Cuthbertson*, 630 F.2d 139, 144 (3d Cir. 1980) ("The test for enforcement is whether the subpoena constitutes a good faith effort to obtain identified evidence rather than a general 'fishing expedition' that attempts to use the rule as a discovery device.") (citation omitted). FRCP 16, on the other hand, generally governs discovery in criminal matters. *United States v. Sutton*, No. 21-CR-0598, 2023 WL 5827718, at *2 (D.D.C. Sept. 9, 2023).

A pre-trial Rule 17(c) subpoena "must clear three hurdles: (i) relevancy; (ii) admissibility; [and] (iii) specificity." *Nixon*, 418 U.S. at 700. "The first prong of this test— relevance—requires the Court to assess whether the documents sought have 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" *United States v. Libby*, 432 F. Supp. 2d 26, 31 (D.D.C. 2006) (quoting Fed. R. Evid. 401). "If the documents are deemed relevant, the Court must then determine whether they would be admissible. This inquiry is largely governed by the Federal Rules of Evidence." *Id.* (citing Fed. R. Evid. 401–415, 801–807). Finally, the request must specify the records sought: While it may sometimes be impossible to "describe fully" the materials being sought, "courts will not approve a subpoena for documents based upon requests for disclosure from broad categories of documents." *Id.* (citing *Nixon*, 418 U.S. at 700; *United States v. North*, 708 F. Supp. 402, 404 (D.D.C. 1989)). "The burden of showing these standards" are met falls "on the party requesting the information." *Cheney v. United States Dist. Ct. for D.C.*, 542 U.S. 367,

386 (2004) (citing *Nixon*, 418 U.S. at 699).

The Court has the power under Rule 17(c)(2) to quash or modify a subpoena duces tecum if it is "unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2); *Libby*, 432 F. Supp. 2d at 31.

### III.    ARGUMENT

Against the above-mentioned factual and legal backdrop, Defendant's November 6, 2025, subpoena should be quashed. First, Defendant is seeking to use a Rule 17(c) subpoena for an impermissible purpose, namely, as a discovery device in a criminal case. Defendant already has a potential avenue to get these materials, which is to file a formal discovery request with the undersigned and specifically identify the information subject to disclosure. *See* Fed. R. Crim. P. 16(a)(1). Defendant has not submitted such a request to date.

Second, the subpoena at issue lacks specificity and does not constitute a good faith effort to obtain identified evidence.[2] In particular, Defendant is requesting "any and all certified records documenting all arrests for drug possession and drug distribution" that occurred at three separate locations for an approximately one-year period. This is a fishing expedition that is overly broad, and it does not give the MPD clear direction as to what it should produce. For example, what does, "any and all certified records" encompass? And why is it necessary to produce one year's worth of data?

Such an unreasonable request must either be quashed or, at the least, modified so the agency can properly comply. If the Court is inclined to pursue the latter route, the United States would respectfully request that the MPD only be required to: (i) look back six-months from the

---

[2] The United States concedes that the subpoena likely clears the relevance hurdle in part. Law enforcement did qualify the offense location as an open-air drug market, and such a designation may have played a role in either the initial stop of Defendant's vehicle or the subsequent search. Nevertheless, the subpoena does not satisfy the specificity requirement as further detailed in the Motion. Moreover, even if *some* information about drug-related crime in the identified areas is relevant, it is far from clear that information from *the entire year preceding the defendant's arrest* would be relevant.

arrest date (August 8, 2025); and (ii) produce PD-251's for each relevant arrest. This would narrow the universe of materials subject to the subpoena and allow for effective and timely compliance.

## IV. CONCLUSION

Wherefore, for the reasons set forth above, Defendant's November 6, 2025, subpoena should be quashed or modified.

                                                Respectfully submitted,

                                                JEANINE FERRIS PIRRO
                                                UNITED STATES ATTORNEY

By:   */s/ Joshua Satter*
       JOSHUA SATTER
       N.Y. Bar No. 5477112
       Assistant United States Attorney
       United States Attorney's Office for the
       District of Columbia
       601 D Street NW
       Washington, D.C. 20530
       (202) 252-6885
       Josh.Satter@usdoj.gov

Dated: December 5, 2025