UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal Action No. 25-303 (RBW) |
| ) | |
| ANTHONY GRANT, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Upon consideration of the defendant's notice of his modified subpoena, ECF No. 48, and it appearing to the Court that the modified subpoena is consistent with the Court's January 8, 2026, Order, see ECF No. 44, it is hereby

**ORDERED** that defense counsel, on behalf of the defendant, shall be **PERMITTED** to issue the modified subpoena upon the Metropolitan Police Department ("MPD").[1]  It is further

**ORDERED** that the Government's Motion To Quash Subpoe[]na ("Gov't Mot. to Quash"), ECF No. 32, Government's Motion to Cancel Evidentiary Hearing & Rule On Motion To Quash (ECF No. 32), ECF No. 46, and Motion to Rule on Motion to Quash, ECF No. 47, are **DENIED**.[2]

---

[1] Although the Court is authorizing for the modified subpoena to be issued upon MPD in this case, the Court notes that defense counsel did not comply with the Court's instruction in its January 8, 2026, Order to "**FILE A COPY** of the modified subpoena . . . and move for the Court's approval," id. at 1 (emphasis added).  However, because defense counsel filed a notice of the modified subpoena on the docket, the Court will nevertheless allow for the subpoena to be issued.

[2] Whether the government has standing as an "[i]nterested [p]arty" to move for the subpoena at issue to be quashed which was served upon a third-party to this case, see Gov't Mot. to Quash at 1 n.1, is of no moment because the "Court has an independent duty to review the propriety of [a] subpoena" issued pursuant to Federal Rule of Criminal Procedure 17.  United States v. Binh Tang Vo, 78 F. Supp. 3d 171, 176 (D.D.C. 2015) (citing United States v. Vasquez, 258 F.R.D. 68, 72 (E.D.N.Y. 2009)); United States v. Weissman, No. 1-cr-529 (BSJ), 2002 WL 31875410, at *1 n. 1 (S.D.N.Y. Dec. 26, 2002) (noting that regardless of the government's standing, the court had a duty to

**SO ORDERED** this 17th day of February, 2026.

_____
REGGIE B. WALTON
United States District Court Judge

---

ensure that a subpoena was issued only for a proper purpose and that the subpoena was in compliance with Rule 17").